THE GROVES MILLS, INC., v. CAROLINA & NORTHWESTERN RAILWAY COMPANY AND SOUTHERN RAILWAY COMPANY.

(Filed 12 June, 1929.)

**Carriers B·g—Where goods have arrived at destination and notice of arrival duly given the liability of the carrier is that of warehouseman.**

Where a shipment by common carrier arrives at its destination and is placed on a platform of a station owned by another carrier and used by it and the initial carrier jointly, and notice of the arrival of the shipment is duly given, the liability of the carriers is that of warehousemen; and in this case *held,* evidence of the negligence of the carriers, resulting in the destruction of the shipment by fire, was sufficient to be submitted to the jury, and the jury might place the liability upon either one or both as they found the negligence of the parties to be from the evidence, with the burden of proof on the plaintiff to show negligence by the greater weight of the evidence.

APPEAL by defendants from *Harding, J.,* and a jury, at December Term, 1928, of GASTON. No error.

On 7 May, 1927, J. Edward Kale & Company, a cotton firm of Clarksdale, Miss., delivered to Yazoo & Mississippi Valley Railroad Company seven bales of compressed cotton, marked Teddy, and consigned to the order of A. H. Boyd, Gastonia, N. C., notify Groves Mills, Inc., Gastonia, N. C. The standard form of bill of lading was issued

therefor. This cotton was carried by the initial railroad and its connecting carriers and delivered to the Carolina & Northwestern Railway Company, the defendant, at Chester, S. C., which line carried the said cotton to Gastonia, N. C. Upon the arrival of the shipment over the Carolina & Northwestern Railroad, at Gastonia, the cotton was placed upon the platform at the station of the Southern Railway Company, defendant, which station is jointly used by, and there was a joint arrangement between the Carolina & Northwestern and the Southern for unloading, receiving and handling freight over both lines. ·

The defendants were sued as joint *tort-feasors.* The plaintiffs contended that the 7 bales of cotton, weighing 3,747 pounds, were damaged by fire through the negligence of the defendants and plaintiff sustained a loss of ($865.60) $866.70. Defendants denied any negligence. The defendant, C. & N. Railway Company contended that if there was no negligence on its part the damage should not exceed $513.19 coming into its hands as salvage of the cotton.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Was the plaintiff the owner and holder of the bill of lading for seven bales of cotton, as alleged in the complaint? Answer: Yes (by consent).

"2. Was notice of the arrival of such shipment of cotton duly given the plaintiff? Answer: Yes.

"3. When was such notice given? Answer: 23 May, 1927.

"4. Was the cotton damaged through the negligence of defendant, Carolina & Northwestern Railway Company? Answer: Yes.

"5. Was the cotton damaged through the negligence of defendant Southern Railway Company? Answer: Yes.

"6. What damage, if any, is plaintiff entitled to recover? Answer: .$866.70."

Judgment was rendered on the verdict by the court below. Defendant made numerous exceptions and assignments of . error and appealed to the Supreme Court.

*Mangum & Denny for plaintiff.*

*John A. Marion and R. G. Cherry for Carolina & Northwestern Railway Company.*

*O. F. and Geo. B. Mason for Southern Railway Company.*

PER CURIAM. The defendants, at the close of plaintiff's evidence and at the close of all the evidence, moved for judgment as in case of nonsuit. C. S., 567. The court below refused the motions and in this

we think there was no error. Without repeating, in our opinion, there was sufficient evidence to go to the jury as to the negligence of both defendants.

The court below charged correctly the law of negligence and proximate cause, also as to damages, and charged, in part, as follows: "The burden is on the plaintiff to satisfy you by the greater weight of the evidence that these defendants were negligent and that such negligence was the proximate cause of the injury and damage to the cotton and if it has so satisfied you, then it would be your duty to answer the issue, Yes. If the plaintiff has satisfied you that both of these railway companies were negligent and such negligence was the proximate cause of the injury to the cotton, then you would answer the fourth and fifth issues, Yes. If the plaintiff has failed to satisfy you that both were negligent and that the negligence was the proximate cause of the injury, then you would answer the fourth and fifth issues, No. If plaintiff has satisfied you that one company was negligent, but failed to satisfy you that the other was negligent, then you would answer that issue, Yes. If plaintiff fails to satisfy you as to the negligence of either company, then you can answer both issues, the fourth and fifth issues, No. You can answer the issues Yes against the Southern and No against the C. & N. W., or you can answer the issue Yes against the C. & N. W., and No against the Southern, or both Yes or both No."

From the verdict of the jury on the second and third issues, the defendants were liable only as a warehouseman. See *Edwards v. Power Co.,* 193 N. C., 780. On this aspect, the court charged, we think, the law applicable to the facts.

The liability of a carrier for loss or damage is well stated in Moore on Carriers, (2 ed.), Vol. 1, at p. 306, as follows: "The liability of a carrier of goods is that of a common carrier, which is that of an insurer; and in cases of loss of or injury to goods intrusted to it for transportation no excuse avails such carrier, except that such loss or injury was occasioned by the act of God, or the public enemies of the State, or the sole fault of the owner or his agent. The law adjudges the carrier responsible, irrespective of any question of negligence or fault on his part, if the loss does not occur by the act of God or the public enemies. With these exceptions, the carrier is an insurer against all losses."

The case was tried carefully by the court below and from a painstaking review of the record, we can find

No error.